UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIREILLE FABIUS,<br><br>      Plaintiff,<br><br>– against –<br><br>LILIANNE SADA AND MAXIME SADA,<br><br>      Defendants. | Civil Action No.:<br><br><br>**COMPLAINT** |

   Plaintiff, MIREILLE FABIUS ("Fabius"), by her attorneys, Hill Wallack LLP, for her Complaint, alleges:

   1. This action is brought to recover on a loan made by Fabius (and her late husband, Claude), in the principal sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) (plus accrued interest, costs, and attorneys' fees) (the "Note") to Defendants, Lilianne Sada ("L. Sada") and Maxime Sada ("M. Sada" and, with L. Sada, the "Sada Defendants"), which is in default. Fabius hereby asserts claims for breach of the Note and unjust enrichment.

**JURISDICTION AND VENUE**

   2. Fabius is an individual residing at 48 Sunset Drive, Hempstead, New York, within the Eastern District of New York.

   3. Upon information and belief, L. Sada is an individual domiciled in the State of Florida, with a residence located at 10865 SW 112th Avenue, Apartment 213, Miami, Florida. L. Sada also owns a residence in the Republic of Haiti, and formerly maintained a residence in Uniondale, New York.

4. Upon information and belief, M. Sada is an individual domiciled in the State of Florida, with a residence located at 10865 SW 112th Avenue, Apartment 213, Miami, Florida. M. Sada also owns a residence in the Republic of Haiti.

5. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as Fabius, on the one hand, and Defendants, on the other hand, are citizens of different states, and the matter in controversy exceeds the sum of $75,000.00.

6. Venue is proper in this district as Plaintiff is resides in the Eastern District of New York.

## FACTS COMMON TO ALL COUNTS

7. In or about May 2011, the Sada Defendants approached Fabius (and her late husband, Claude), seeking a loan in the amount of $300,000.00, to infuse cash in the Sada Defendants' business.

8. Thereafter, on June 1, 2011, for good and valuable consideration, the Sada Defendants made and delivered to Fabius a Promissory Note in the original principal amount of $300,000.00, with a fixed interest rate of $2,500 per month.

9. The Note was executed by the Sada Defendants in Miami, Florida.

10. Pursuant to the Note, the Sada Defendants agreed to pay the entire principal, plus interest, by June 1, 2016.

11. Pursuant to the Note, the Sada Defendants promised to pay Fabius its attorneys' fees and costs of suit incurred by Fabius related to any efforts to collect on or enforce the Note.

12. The Sada Defendants defaulted by failing, without limitation, to make payment on or before June 1, 2016.

13. To date, the Sada Defendants have failed to make payment to Fabius of the amounts due and owing under the Note.

### AS AND FOR A FIRST CLAIM FOR RELIEF
**(Breach of the Promissory Note)**

14. Fabius repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

15. As a result of the Sada Defendants' default under the Note, they are liable to Fabius for all amounts due thereunder, including, but not limited to, interest, attorneys' fees, and costs.

16. As of November 1, 2018, the principal sum of Three Hundred Thousand Dollars and Zero Cents ($300,000.00) was due and owing to Fabius by the Sada Defendants under the Note.

17. As of November 1, 2018, unpaid interest totaled Two Hundred and Twenty-Five Thousand Dollars and Zero Cents ($225,000), for which the Sada Defendants are liable to Fabius.

18. The Sada Defendants are also liable to Fabius for costs of suit, and attorneys' fees and costs.

19. Neither Fabius, nor the late Claude Fabius, are in default of any obligation set forth in the Note.

### AS AND FOR A SECOND CLAIM FOR RELIEF
**(Unjust Enrichment)**

20. Fabius repeats and realleges the allegations contained in the preceding paragraphs as if set forth fully herein.

21. Defendants, or either of them, benefitted as a result of the failure and refusal to make repayment of the Note.

22. Equity and good conscience require that the Sada Defendants, jointly and severally, provide Fabius with fair and reasonable restitution in the amount in which they were unjustly enriched.

WHEREFORE, Fabius demands judgment in its favor and against defendants, L. Sada and M. Sada, jointly and severally, in the amount of FIVE HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($525,000.00), through November 1, 2018, together with additional, accrued interest, costs of suit, attorneys' fees and costs, and such other and further relief as this Court deems equitable and just.

Dated: November 8, 1018
       Princeton, New Jersey

                                    HILL WALLACK LLP

                              By:        *Sean D. Adams*
                                    Sean D. Adams, Esquire
                                    Evan M. Goldman, Esquire
                                    (*Pro Hac Vice* Forthcoming)
                                    21 Roszel Road
                                    Princeton, New Jersey 08540
                                    Tel: (609) 924-0808
                                    SAdams@HillWallack.com
                                    EGoldman@HillWallack.com
                                    *Attorneys for Plaintiff*