```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
MIREILLE FABIUS,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            18-CV-6359(JS)(SIL)

LILIANNE SADA; and MAXIME SADA,

                    Defendants.
--------------------------------------X
APPEARANCES
For Plaintiff:       Peter K. Kamran, Esq.
                     Lester Korinman Kamran & Masini, P.C.
                     600 Old Country Road, Suite 330
                     Garden City, New York  11530

For Defendants:      David Isidore Rosenblatt, Esq.
                     Yosef Kudan, Esq.
                     Stok Kon and Braverman
                     One East Broward Boulevard, Suite 915
                     Fort Lauderdale, Florida  33301
```

SEYBERT, District Judge:

On March 12, 2019, the Court issued an order of default judgment against Lilianne Sada and Maxime Sada ("Defendants") as to the claims filed against them by Mireille Fabius ("Plaintiff"). Defendants now move to set aside the order of default judgment, arguing that the Court lacks personal jurisdiction over them. (Defs. Mot., ECF No. 24.)  For the following reasons, the Court GRANTS Defendants' motion and VACATES the order of default judgment.

BACKGROUND[1]

Plaintiff is a New York citizen, whereas Defendants are citizens of Florida. (Compl., ECF No. 1, ¶¶ 2-4.) Plaintiff alleges that on or about May 2011, Defendants approached Plaintiff seeking a loan in the amount of $300,000 to infuse cash into their business. (Id. ¶ 7.) On June 1, 2011, in exchange for good and valuable consideration, Defendants made and delivered to Plaintiff a Note in the original principal amount of $300,000, with a fixed interest rate of $2,500 per month. (Id. ¶ 8.) Defendants executed the Note in Miami, Florida. (Id. ¶ 9.) Pursuant to the Note, Defendants agreed to pay the entire principal, plus interest, by June 1, 2016. (Id. ¶ 10.) In a declaration filed by Chantal Nicolas, Plaintiff's daughter, in opposition to this motion, Nicolas asserts that Defendants mailed the first Note payment to Plaintiff's New York residence, and that Defendants "were aware that they had entered a contract requiring payments to be made to New York." (Nicolas Decl., ECF No. 32-1, ¶¶ 6-7.) The Note did not contain a forum selection clause or otherwise indicate that New York law would govern disputes arising thereunder. (See Note, ECF No. 33-1.)

---

[1] The facts are drawn from the Complaint and the affidavits filed in connection with the instant motion.

Sometime before June 1, 2016, Defendants defaulted on the Note, prompting this lawsuit, which Plaintiff initiated on November 8, 2018. (Id. ¶¶ 12-13.) Plaintiff properly served Defendants with a copy of the Summons and Complaint. (ECF Nos. 9-10.) When Defendants failed to appear, the Honorable Judge Sandra J. Feuerstein[2] granted Plaintiff's motion for default judgment and awarded Plaintiff $572,500 in damages. (ECF No. 23.) Almost eighteen months later, Defendants filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(4) (the "Rules") to vacate the default judgment on personal jurisdiction grounds.

## DISCUSSION

I. Legal Standard

"A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure . . . 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 138 (2d Cir. 2011) (quoting Grace v. Bank Leumi Tr. Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006)). A default judgment is "void" if it is rendered by a court that lacks jurisdiction over the parties. Id. (citing "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 123 (2d Cir. 2008)). "[I]n a collateral challenge to a default judgment

---

[2] The case was reassigned to the undersigned on August 17, 2021.

3

under Rule 60(b)(4), the burden of establishing lack of personal jurisdiction is properly placed on a defendant who had notice of the original lawsuit." "R" Best Produce, 540 F.3d at 126.

Here, Defendants assert that Plaintiff has failed to allege this Court's personal jurisdiction over them. Whether a defendant is subject to personal jurisdiction involves a two-part analysis by a federal district court sitting in diversity. First, the Court asks whether it has jurisdiction over the defendant under the laws of the forum state. See Grand River Enters. Six Nations, Ltd. v. Pryor, 425 F.3d 158, 165 (2d Cir. 2005). Second, if the Court has jurisdiction under state law, the Court must then determine whether such exercise would be consistent with the due process guarantees of the United States Constitution. See id.

II. Analysis

　A. Applicable Law

In this case, Plaintiff alleges that the Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. 302(a)(1). (Opp'n, ECF No. 32, ¶ 14.) A court will have personal jurisdiction over an out-of-state defendant pursuant to C.P.L.R. 302(a)(1) if that person "transacts any business within the state or contracts anywhere to supply goods or services in the state." Thus, the Court has personal jurisdiction over a party where "[1] that party 'transacts any business within the state' and [2] if the claim arises from these business contacts." D.H. Blair

4

& Co. v. Gottdiener, 462 F.3d 95, 104 (2d. Cir. 2006) (quoting CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986)); see also Jean-Louis v. Carrington Mortg. Servs., LLC, 849 F. App'x 296, 300 (2d Cir. 2021).

New York courts define transacting business as "purposeful activity -- 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246-47 (2d Cir. 2007) (quoting McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 382 (N.Y. 1967)). However, an out-of-state defendant "need not be physically present in New York to transact business" under C.P.L.R. 302(a)(1). Chloé v. Queen Bee of Beverly Hills, L.L.C., 616 F.3d 158, 169 (2d Cir. 2010). Rather, courts consider the following factors in determining whether an out-of-state defendant has transacted business in New York:

> [1] whether the defendant has an on-going contractual relationship with a New York corporation; [2] whether the contract with a New York corporation was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; [3] what the choice-of-law clause is in any such contract; and [4] whether the contract requires [defendant] to send notices and payments into the forum state or subjects them

5

> to supervision by the corporation in the forum state.

Walden v. Lorcom Techs., Inc., No. 05-CV-3600, 2009 WL 799955, at *5-6 (E.D.N.Y. Mar. 24, 2009) (quoting Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 22 (2d Cir. 2004)). All of these factors are relevant, but "no one factor is dispositive and other factors may be considered." Sunward, 362 F.3d at 23. "[T]he ultimate determination is based on the totality of the circumstances." Id. (internal quotation marks and citation omitted).

B. Application

Plaintiff argues that Defendants transacted business or contracted to supply goods or services in New York by mailing the first interest payment due on the Note to New York. (Opp'n ¶ 6.) Plaintiff does not make this allegation in her Complaint. Rather, the allegation comes from the Nicolas Declaration, wherein Nicolas states that Defendants mailed a deposit slip to her at her home in Hempstead, New York, to fulfill their obligations under the Note. (See Nicolas Decl. ¶ 6.) Defendants argue in response that the Court should not consider the Nicolas Declaration, because it is not sworn, does not state that it was made under the penalty of perjury, and does not state that its contents are true and correct. (Reply, ECF No. 33, at 2-3.) Further, Defendants argue that, even were the Court to consider the statements made in the Nicolas

6

Declaration, personal jurisdiction over Defendants is still lacking.

To begin, the Court declines to consider the Nicolas Declaration. Under 28 U.S.C. § 1746, courts may consider unsworn declarations that are "subscribed by [the declarant], as true under penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." See also LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65 (2d Cir. 1999). The Nicolas Declaration does not state that it was made under the penalty of perjury, or that the statements contained therein are true and correct. As a result, the Nicolas Declaration fails to substantially comply with Section 1746. And, absent the statements in the Nicolas Declaration, there are no allegations in the Complaint to support Plaintiff's contention that Defendants mailed the first interest payment due on the Note to New York.[3] This is fatal to Plaintiff's argument in support of personal jurisdiction over Defendants.

---

[3] Moreover, the statements in the Nicolas Declaration are not made upon personal knowledge of the matters alleged; rather, they are hearsay. "While it is proper for a court to rely on affidavits to establish jurisdictional facts, hearsay evidence submitted by a plaintiff is not sufficient to defeat a motion to dismiss for lack of personal jurisdiction." Senese v. Hindle, No. 11-CV-0072, 2011 WL 4536955, at *7 (E.D.N.Y. Sept. 9, 2011), report and recommendation adopted, 2011 WL 4529359 (E.D.N.Y. Sept. 28, 2011).

7

Accordingly, applying the relevant factors, the Court finds that Defendants did not transact business in New York, and are therefore not subject to this Court's jurisdiction. Although Defendants had an on-going contractual relationship with a New York resident, there are no allegations that the Note was negotiated or executed in New York. Rather, according to the Complaint's allegations, the "Note was executed by the Sada Defendants in Miami, Florida." (Compl. ¶ 9.) Further, Plaintiff does not allege that Defendants visited New York for the purpose of discussing the Note or the parties' relationship regarding the Note. To the contrary, Defendants filed sworn affidavits wherein they state that since 1973 they "have not conducted any business in New York" or "supplied any good or services" in the state. (ECF Nos. 26, 27.) Last, the Note does not contain a choice-of-law provision, and the Note does not require Defendants to make payments in New York, nor is there is any admissible evidence that Defendants did, in fact, mail payments to New York.

Even if the Court were to consider the Nicolas Declaration, the Court finds that Defendants have carried their burden of establishing lack of personal jurisdiction. Plaintiff argues that "a non-resident who executes a contract made payable to a person or entity residing in New York is subjected to the jurisdiction of New York." (Opp'n ¶ 15 (citing A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 81 (2d Cir. 1993)). It is true

8

that the panel in A.I. Trade Finance held, in the context of a complicated "forfaiting" transaction, that the defendant was subject to personal jurisdiction in New York under C.P.L.R. 302(a)(1) where it guaranteed promissory notes payable in New York. A.I. Trade Finance, Inc., 989 F.2d at 80-82. But Plaintiff ignores the panel's express disclaimer that "[s]ome courts have held that a primary obligor's agreement to designate New York as the place of payment of its debt does not transform the debt into a contract to perform services in New York for jurisdictional purposes." Id. at 81 (emphasis added) (citing Glass v. Harris, 687 F. Supp. 906, 908 (S.D.N.Y. 1988) (personal jurisdiction lacking); American Recreation Grp., Inc. v. Woznicki, 448 N.Y.S.2d 51, 52 (N.Y. App. Div. 2d Dep't 1982) (same); First City Fed. Sav. Bank v. Dennis, 680 F. Supp. 579, 584 (S.D.N.Y. 1988) (finding personal jurisdiction); Catalyst Energy Dev. Corp. v. Iron Mountain Mines, Ins., 630 F. Supp. 1314, 1316 (S.D.N.Y. 1986) (same)). Here, because Defendants are the primary obligors under the Note, A.I. Trade Finance does not govern the dispute.

Moreover, the Court has reviewed the cases cited in A.I. Trade Finance and finds the facts alleged therein are distinguishable from those alleged in the present action. For example, the court in First City Federal Savings Bank reiterated the well-settled rule that "the mere designation of New York as the site for payment on a promissory note in insufficient to confer

9

jurisdiction over a nonresident defendant." 680 F. Supp. at 584 (quoting Plaza Realty Invs. v. Bailey, 484 F. Supp. 335, 346 (S.D.N.Y. 1979)). Rather, "a nonresident payor on a promissory note made payable in New York must have engaged in additional activities in New York to be subject to jurisdiction here in an action on the promissory note." Id. (quoting Plaza Realty Invs., 484 F. Supp. at 346). The court found that the defendants engaged in additional activities in New York by executing deal documents that authorized a New York agent to solicit and negotiate the loans in New York, agreeing to provide updated financial information to a New York bank in New York, and agreeing to assign their interests in the limited partnership to the New York bank as a condition precedent to the making of the loan. Id. Here, there are no comparable "additional activities in New York" that confer personal jurisdiction over Defendants. The Court also finds that Catayst Energy Development Corporation is distinguishable, because in that case, unlike here, the note was payable in New York, expressly provided that New York law applied, the borrower directed loan proceeds to be paid into borrower's New York account, and the borrower made numerous communications to New York. 630 F. Supp. at 1316.

More recent precedent from the New York Appellate Division supports the Court's conclusion. See Shalik v. Coleman, 975 N.Y.S.2d 741 (N.Y. App. Div. 2nd Dep't 2013). In Shalik, the

10

plaintiff premised personal jurisdiction on the defendant's obligation to pay upon a note. Id. at 743. The defendant was not domiciled in New York, did not transact business there, and maintained no other contacts with the state that would support the exercise of long-arm jurisdiction. Id. However, the note provided that it was governed by New York law, the parties had communicated via telephone and email about payment, and the defendant had mailed payments due on the note to the plaintiff's office in New York. Id. The court found that these contacts were insufficient to support jurisdiction under C.P.L.R. 302(a)(1). As a result, in the present action, even accepting the Nicolas Declaration, Defendants are not subject to personal jurisdiction in New York, as their connections to the state are fewer than those of the defendant in Shalik. See also Savin v. Ranier, 898 F.2d 304, 306 (2d Cir. 1990) (noting New York courts "have declined to exercise jurisdiction where the only contact maintained by the defendant with the forum state was that New York was designated as the site for payment on a promissory note").

Accordingly, the Court finds that there are no grounds for it to exercise personal jurisdiction pursuant to C.P.L.R. 302(a) over Defendants in connection with the dispute over the Note. Since Defendants have met their burden of showing that no basis of personal jurisdiction exists under New York law, the Court need not address whether asserting personal jurisdiction over

Defendants would comport with due process. See Best Van Lines, Inc., 490 F.3d at 242.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that

1) The Clerk of the Court is respectfully directed to RE-OPEN this case;

2) Defendant's motion to vacate the order of default judgment (ECF No. 24) is GRANTED;

3) The order of default judgment (ECF No. 23) is VACATED;

4) Plaintiff's Complaint is DISMISSED; and

5) The Clerk of the Court is respectfully directed to mark this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   March   31  , 2022
         Central Islip, New York